AUGUST MERCKENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10108. Promulgated May 20, 1927.

1. In January, 1919, a contract of employment which petitioner had held with a corporation since 1910 was renewed for a period ending January 22, 1924, under the terms of which he was to receive a fixed salary of $7,500 per annum and a bonus equal to 10 per cent of the net earnings after deducting $75,000 for deprecia-

tion. On January 5, 1920, this contract was canceled and on that date the corporations which were parties to the same paid to petitioner, in consideration of his agreeing to such cancellation and to resign as general manager, the sum of $75,000 in addition to his salary and bonus for the year 1919. *Held*, that the entire amount of $75,000 constitutes income to the petitioner for the year 1920 notwithstanding he kept his books and rendered his returns upon an accrual basis.

2. During the year 1920 the petitioner operated a farm as a business and a loss of $1,820 resulting from such operation was a proper deduction from gross income for that year.

*Albert L. Clothier, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

This proceeding results from the determination of a deficiency in income tax in the amount of $19,540.13 for the calendar year 1920. The Commissioner determined that there was no deficiency for 1919 and that there had been an overassessment of the tax shown by the petitioner upon his returns of $2,589.30 for 1921 and $2,447.19 for 1922. Petitioner claims that the Commissioner erred in his determination of the deficiency for 1920—(1) in holding that $75,000 received in 1920 as a consideration for the cancellation of a contract of employment constituted income for that year, and (2) in refusing to allow him to deduct a loss of $1,820 in the operation of a farm.

### FINDINGS OF FACT.

Petitioner is now a resident of Buffalo, N. Y., and is president and general manager of the Merckens Chocolate Co. During the year 1920 and for several years prior thereto he resided in Rivervale, Westwood, N. J.

Petitioner was the general manager, a director, and sales manager of Stollwerck Brothers, Inc., a Connecticut corporation, from December 1, 1910, to February, 1919, when another corporation known as the Stollwerck Chocolate Co. was formed under the laws of Massachusetts and took over the assets and assumed the liabilities of Stollwerck Brothers, Inc., which company was continued in existence, and petitioner, under his contract, became general manager, a director, and sales manager of the Stollwerck Chocolate Co. until January 5, 1920. On December 1, 1910, an agreement was entered into by and between petitioner and Stollwerck Brothers, Inc., whereby petitioner entered into the employment of that company for a period of five years. This agreement was continued in existence from time to time thereafter by Stollwerck Brothers, Inc., and the Stollwerck Chocolate Co.

The Touraine Co., a Maine corporation, acquired an interest in the business carried on by the Stollwerck Chocolate Co. and on

January 22, 1919, the Touraine Co., Stollwerck Brothers Tnc., and the Stollwerck Chocolate Co., and the petitioner entered into a contract continuing the agreement above mentioned which petitioner had with Stollwerck Brothers, Inc., and the Stollwerck Chocolate Co. for a period of five years from January 22, 1919, at a salary of $7,500 per annum and a bonus equal to 10 per cent of the net earnings after deducting from gross earnings $75,000 for depreciation. On January 5, 1920, the parties to the contract of January 22, 1919, mutually agreed to cancel it upon the payment to petitioner of $75,000 in cash in consideration of his consent to the cancellation and his resignation as general manager and sales manager. The $75,000 in cash was paid to petitioner on January 5, 1920. Petitioner received his fixed salary of $7,500 and $50,000 as a bonus equal to 10 per cent of the profits of 1919 and there is no question involved in this proceeding concerning those items.

Upon the cancellation of his contract with the corporations mentioned petitioner devoted himself as his only business to the operation of his farm of 32¾ acres which he owned at Rivervale, N. J., upon which he then, and had for some time, resided. In September, 1920, petitioner purchased a chocolate store at New Brunswick, N. J., which was entirely conducted and managed by his son.

Petitioner purchased the farm in question in 1915 for the purpose of operating it as a commercial fruit orchard. He forthwith prepared a portion of the tract and planted 300 apple trees and over 100 peach trees and continued the cultivation of the farm and the orchard as a business for profit. As time went on he gave less personal attention to his farm and more to his interests in the corporations hereinbefore mentioned. Petitioner was always active and in January, 1920, when he disposed of all of his interests outside of his farm, he devoted himself exclusively to the operation of his farm with the view of making profit. He planted the farm in corn, buckwheat, and other farm products, purchased a number of cows for the production of milk and butter for sale, purchased a large number of chickens, and throughout the year sold butter, milk, poultry and eggs. He had certain persons regularly employed to assist him in the operation of the farm. In 1920 petitioner sold in excess of 10,000 dozen eggs, considerable milk, butter, and poultry. Petitioner's ordinary and necessary expense in the operation of the farm for the year 1920 exceeded his income therefrom in the amount of $1,820 and he claimed this loss in his income-tax return for that year. The Commissioner refused to allow the petitioner's deduction of loss claimed on the ground that the farm was not in operation for profit or as a business.

In his income-tax return for the year 1920 petitioner included as taxable income received on January 5, 1920, in consideration of the

cancellation of his contract of employment, only the sum of $18,522.27 in the belief that the amount of $75,000 should be allocated as income proportionately to the years 1920 to 1924, inclusive.  The Commissioner held that the entire amount of $75,000 was income for 1920 and petitioner claims that this was error.

### OPINION.

LITTLETON: The Board is unable to agree with petitioner's contention that only one-fourth of the $75,000 received on January 5, 1920, in payment for his consent to the cancellation of his contract of employment and his resignation as general manager of the company mentioned was income for 1920.  Section 213 of the Revenue Act of 1918 provides that the term " gross income " includes among other items " gains or profits and income derived from any source whatever " and that " the amount of all such items shall be included in gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period."  It is not claimed that the $75,000 was not income but it is contended on behalf of petitioner that because he kept his accounts and made his return upon an accrual basis only approximately one-fourth of the $75,000 constituted taxable income for the year 1920 and the remainder of the amount should be allocated to and taxed as income for the years 1921 to 1924, inclusive.  The statutes specifically provide that all items of gains, profits and income shall be included in gross income for the year in which received by the taxpayer.  It is immaterial so far as this issue is concerned whether the petitioner kept his books upon an accrual basis or upon the basis of receipts and disbursements.  Under the terms of the cancellation agreement the $75,000 accrued and was paid to the petitioner on January 5, 1920.  His relations with the corporations ceased at that date.  There remained nothing to be done by any of the parties to the contract.  The matter was a closed incident on January 5, and petitioner had received a gain of $75,000 which, under the statute, could not be deferred and allocated to subsequent years for tax purposes.

The Board is of the opinion that petitioner carried on his farming operations during the year 1920 as a business for profit and is, therefore, entitled to deduct from gross income a loss of $1,820 resulting from such operations.

*Judgment will be entered on 15 days' notice, under Rule 50.*